Dyer *v.* Lowell.

Now, in this Court, Webster, for the defendant, moved that the action be dismissed, because there had been no recognizance upon the appeal, and cited R. S. chap. 97, sect. 13. The motion was resisted by Coburn, County Attorney.

DYER, *in certorari, versus* LOWELL AND HAMBLET.

The granting of a writ of *certiorari* is at the discretion of the Court.

When it is allowed and issued, the proceedings under it are strictly of law, and if in the record brought under revision, material errors are found, it must be quashed.

If, on presenting the petition, errors were assigned, there need be no new assignment of them on the issuing of the writ.

The action of the Court may be as effectually had upon an authenticated transcript of a record, as upon the original.

Grantees of land, who purchase, pending the petition for a writ of *certiorari* though not notified, are bound by the final adjudication in the process.

CERTIORARI.

Dyer, Lowell, Hamblet and others, were owners of a township of wild land, as tenants in common, in different proportions. Lowell and Hamblet had caused their proportion to be set off in severalty. Dyer had obtained leave to issue a writ of *certiorari*, for the purpose of quashing the partition. 30 Maine, 217.

The writ was accordingly issued, and entered at the June term of this Court, 1850. No new assignment of errors was made.

Dyer *v.* Lowell.

The respondents appeared by their counsel, and the action was continued to this June term, 1851.

And now Hamblet moves that the writ be quashed, for the following causes; the existence of which, according to his belief, he verified by affidavit.

1. It appears by the return of the Judge of the District Court, that he has sent up, not the record itself, but only "a true copy." Howe's Practice, 490; Colby's Practice, 477.

2. No *scire facias* or notice was ordered by the Court, for the respondents' appearance. 3 Mass. 229; 6 Mass. 72; 19 Maine, 46.

3. No service of this process has been made, personally, on Lowell, and he has not appeared. He is entitled to be heard. He left the State before this writ was issued. As against him, the action ought to have been continued, *defendant ex republica*, and a bond given.

4. The writ assigns no errors in the record.

5. The land, since the service of the original petition upon the respondents, has been conveyed by them, and their grantees have had no official notice of this process.

Some other objections were assigned, but they were not noticed by the Court; probably because, if available in any form, they ought to have been taken at the first term.

*Abbott*, in support of the writ.

*Coburn* and *Wyman*, contra.

TENNEY, J., orally. — The writ of *certiorari* is grantable at the discretion of the Court. If granted, it is with a view to have the record quashed.

When once the record has been permitted to be brought under examination, the Court no longer has any discretionary power over it. If erroneous it must be quashed.

Upon the *petition* for the writ, certain errors were assigned, examined and adjudicated upon.

The writ was allowed, and having been served by the officer, is now before us, and several objections to the process, are now taken by the respondents.

Dyer *v.* Lowell.

1. That it was a copy, and not the original of the record, which was sent up by the Judge of the District Court; whereas it is the record itself, and not a transcript of it, which is sought to be quashed.

This objection is without weight. The record may be adjudged of, and acted upon by the examination of a copy, as well as of the original.

2 and 3. One of the respondents has appeared, and is now being heard upon those objections. It appears by the officer's return, that he was duly notified. But if not, that omission is waived by his appearance.

It is said that Lowell had left the State, before the issuing of the writ. But a general appearance was entered for him at the first term. Notice appears to have been left with his family. He appeared to the original process, and was heard upon it, and knew its result, and must have expected the issuing of the writ. There was, therefore, no want of sufficient notice.

4. It was not necessary, to insert *in the writ* an assignment of the errors. An assignment *in the petition* is sufficient. *Commonwealth* v. *Sheldon*, 13 Mass. 188.

5. Purchasers are bound by proceedings, instituted prior to their ownership. Such proceeding cannot be made ineffectual by a mere conveyance of the property. This process is but a continuation of the former one.

The motion to quash the writ is overruled.

Note. — The Court, having denied the motion to set aside the writ, proceeded to examine the errors alleged in the petition, as published, 30 Maine, 217, and thereupon quashed the record of the partition.